UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23815-Civ-MORENO/TORRES

ALAN HILL

       Plaintiff,

vs.

CELEBRITY CRUISES, INC.

       Defendants.
_____/

## ORDER

This matter is before the Court on two discovery motions referred to the undersigned for disposition: Plaintiff's Motion to Compel Production of Documents [D.E. 26] and Plaintiff's Motion to Compel Answers to Interrogatories [D.E. 27]. The motions are fully briefed and ripe for disposition. The Court conducted a hearing on the pending motions on October 29, 2010, during which the Court issued various rulings on the most pressing issues raised in the pending motions. For the reasons fully stated on the record at the hearing, this Order memorializes the Court's rulings.

### I. BACKGROUND

This case involves an 80-year-old male passenger traveling aboard one of Celebrity's vessels who got ill during the voyage and required treatment in the shipboard medical facility. Plaintiff alleges that the physicians and staff who treated him onboard the vessel were negligent, in part through the "misdiagnosis of his

condition, lack of care, failure to administer the correct medications, failure to transport to a hospital, failure to transport to a hospital in a timely manner and as quickly as possible, [and] failure to evacuate the patient off the ship." Plaintiff alleges that the vessel's medical staff negligently monitored and treated Plaintiff's condition, which contributed to severe gastrointestinal bleeding, colonic perforation, infection, which required intestinal surgery and loss of intestinal function.

Plaintiff's pending amended complaint alleges a series of claims against Celebrity, including claims of negligence through apparent agency, negligent retention and hiring, negligent misrepresentation, and breach of contract by intended beneficiary. Other direct claims originally raised against Celebrity by virtue of the physician's alleged negligence were dismissed by the Court on September 14, 2010.

## II. PRINCIPLES APPLICABLE TO ALL DISCOVERY MOTIONS

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is *relevant* to the claim or defense of any party." Fed. R. Civ. P. 26(b) (emphasis added). Courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *McMahon v. Eastern Steamship Lines, Inc.*, 129 F.R.D. 197, 198 (S.D. Fla. 1989); *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *White v. Kenneth Warren & Son. Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001). To sustain their discovery objections in response to the pending motions to compel, Defendants must, therefore, show that the requested discovery has no possible bearing on the claims and defenses in this case. *See Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978); *Graham*, 206 F.R.D. at 254

("The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome, or not relevant."). This means that Defendants must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Millinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007) (citing *Giardina v. Lockheed Martin Corp.*, 2003 WL 21276348 (E.D. La. May 30, 2003)).

Information requested is deemed relevant and discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 345 (1978); *see also* Local Rule 26.1.G.3. This requires that discovery be provided if the information has some bearing on the claims or defenses in the case. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); Fed. R. Evid. 401 (evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence).

### *III.  MOTION ON REQUESTS FOR PRODUCTION*

1.   Request No. 10

The request seeks "all documentation and planning material" relating to portable medical equipment and supplies on board the vessel.  Defendant objected to the request, in part on the basis of overbreadth.  For the reasons stated at the hearing, the Court sustained the objection but with leave to renew the request if, following depositions taken of the persons involved in the Plaintiff's treatment, a showing could be made why all such materials had to be produced.  As explained at the hearing, given the nature of the claims and the documentation that has been produced, including an itemization of the equipment that was available on the vessel and the Plaintiff's medical charts, it was not clear why and all documentation for any portable medical equipment furthered Plaintiff's claims in this case.

2.   Request Nos. 34/40

These related requests seek any formal or informal complaints for any Celebrity medical personnel on any vessel for the preceding three years.  Defendant objected, in part, on relevance and overbreadth.  For the stated at the hearing, the Court granted the motion in part and denied it in part.  To the extent that Defendant's objections applied to any personnel who were not involved in Plaintiff's treatment during the voyage in question, Defendant's objections were sustained.  But to the extent that any formal or informal complaint was documented by Defendant for any of the physicians or medical staff who were involved in treating the Plaintiff on the voyage in question,

the Court found such discovery was relevant to Plaintiff's claims in this case. The Court Ordered that they be produced, for the three-year period of time requested.

    3.    <u>Request No. 41</u>

This request sought minutes of safety meetings conducted by staff onboard the subject vessel. Defendant objected in part on overbreadth as well as the self-critical analysis privilege. For the reasons stated at the hearing, the Court granted the motion to compel a better response to this request, to the extent that any such meetings involved the medical infirmary or staff, for the time period requested. The primary objection to the request involved the self-critical analysis privilege that has been recognized by some courts, but never fully embraced by courts in our district or circuit. Nor has such a privilege been recognized in the Federal Rules of Evidence. Accordingly, Defendant's objections on that basis were overruled.

### IV.    MOTION ON INTERROGATORIES

    1.    <u>Interrogatory No. 10</u>

This interrogatory requested Defendant to identify measures it took to comply with relevant industry guidelines for the treatment of cruise line passengers by vessel medical personnel. Defendant objected in part on relevance and overbreadth, arguing primarily that the interrogatory was moot following the Court's order dismissing certain negligence claims. For the reasons stated at the hearing, the Court deemed the request sufficiently relevant at least to the pending claim for negligence by apparent agency, as well as the negligent hiring or retention claim. Thus, the motion to compel

was granted for a complete answer to the interrogatory in any form permitted by Rule 33.

    2.    <u>Interrogatory Nos. 16, 17, 18</u>

These related interrogatories requested data on instance when the vessel in question diverted course for medical reasons, or were involved in medical evacuations from the vessel in one form or another. Defendant objected in part on overbreadth grounds because the requests were not limited to claims substantially similar to that situation involved in this case. For the reasons stated at the hearing, the motion was denied without prejudice as to these requests with leave to renew at a later stage of the discovery period. Better alternative forms of discovery may elucidate more relevant information without the burden of responding to these broad requests, or at least provide Plaintiff with a greater evidentiary basis to compel Defendants to provide the type of historical data requested for purposes of comparing and contrasting the treatment this Plaintiff received from others in similar circumstances. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the . . . extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]").

### V. CONCLUSION

For the foregoing reasons and as stated at the hearing held on the motions, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Compel Production of Documents [D.E. 26] is **GRANTED IN PART and DENIED IN PART**.

2. Plaintiff's Motion to Compel Better Answers to Interrogatories [D.E. 27] is **GRANTED IN PART and DENIED IN PART**.

3. To the extent not already provided by this date, and if Ordered herein, amended responses and production to the requests at issue must be provided within fourteen days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of December, 2010.

                                                    */s/ Edwin G. Torres*
                                                    EDWIN G. TORRES
                                                    United States Magistrate Judge