UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-23815-CIV-MORENO

ALAN HILL,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

# ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION IN PART AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge for a Report and Recommendation on Defendant's Motion for Summary Judgment (**D.E. No. 119**), filed on **May 24, 2011**. The Magistrate Judge filed a Report and Recommendation (**D.E. No. 171**) on **September 19, 2011**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Stephen T. Brown's Report and Recommendation (**D.E. No. 171**) on **September 19, 2011** is **AFFIRMED** and **ADOPTED** as to Counts I, II, and IV, and **DENIED** as to Count III.

## I. Standard of Review

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report and Recommendation. *U.S. v. Powell*, 628 F.3d, 1254, 1256 (11th Cir. 2010). In reviewing a motion for summary judgment, the Court must grant the motion if there are no genuine issues of material fact in dispute. Fed. R. Civ. Pro. 56(c). The party opposing summary judgment may not rely upon the pleadings or mere denials of the allegations contained in a motion for summary judgment, but rather must adduce some evidence showing that material facts are in issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The "moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In addressing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences in the light most favorable to the opposing party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party meets this burden, the opposing party must then show there is a material issue of fact that precludes summary judgment. *Clark*, 929 F.2d at 608. If the record presents issues of material fact, the court must deny the motion. *Adickes*, 398 U.S. at 157. An issue of fact is "material" if it is a legal element of a claim which might effect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Where a reasonable fact finder may "draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion." *Doe v. School Bd. of Broward County, Fla.*, 604 F.3d 1248, 1254 (11th Cir. 2010) (Quoting *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988)).

## II. Legal Analysis

### A. Count I: Negligence based on apparent agency

It is well-established maritime law that when a cruise line's "doctor is negligent in treating a passenger...that negligence will not be imputed to the carrier." *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1369 (5th Cir. 1988). Thus, Plaintiff is precluded from pursuing a claim against Celebrity under a theory of actual agency. Instead, Plaintiff attempts to circumvent established doctrine by bringing his negligence claim under a theory of apparent agency.

Apparent agency is established where "(1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, (2) that such belief was reasonable, and (3) that the claimant reasonably acted on such belief to his detriment." *Doonan v. Carnival Corp.*, 404 F. Supp.2d 1367, 1372 (S.D.Fla. 2005). The existence of an apparent agency relationship is normally one for the jury as the trier of fact. *Id.* at 1371; *see also Lobegeiger v. Celebrity Cruises, Inc.*, 2011 WL 3703329, *10 (S.D. Fla. 2001)("The determination of whether a cruise line has made some sort of manifestation that could cause a third party to believe a shipboard doctor is an agent of the cruise line is a question of fact.").

In illustration a manifestation of agency, Plaintiff must show that the cruise line did more than merely represent "that a certified doctor will be provided aboard." *Lobegeiger*, 2011 WL 3703329 at *10. Instead, Plaintiff must point to "additional affirmative acts taken by the cruise line to 'hold out' a doctor to be its agent." *Id.* (Quoting *Suter v. Carnival Corp.*, 2007 WL 4662144 *6 (S.D. Fla. 2007)). Examples of how a cruise may hold out the ship doctor as its agent include through issuing him a Celebrity uniform containing "epaulets and stripes indicating rank and

hierarchy among the ship's other officers," issuing him a Celebrity name tag, giving him the tile 'Ship's Physician,' calling him a ship's officer, allowing him to eat with the ship's crew, assigning him a Celebrity e-mail account, and placing him under the command of the ship's superior officers." *Lobegeiger*, 2011 WL 3703329 at *10; *see also Hajtman*, 526 F. Supp. 2d at 1328. In this case, Plaintiff argues that Celebrity performed many of these manifestations. The Magistrate found these manifestations insufficient, and this Court likewise finds them less than compelling. Such manifestations have not even been enough to survive a 12(b)(6) motion to dismiss in other courts. *See Hajtman*, 526 F. Supp. 2d at 1328; *Warren*, 1995 AMC at 2613; *Petersen*, 753 F. Supp. 2d at 1248.

Although Plaintiff may be able to conjure up more facts demonstrating Celebrity's manifestations of the physician being their agent, it would be illogical to hold Celebrity liable under a theory of apparent agency when clearly established maritime law precludes liability under a theory of actual agency. Celebrity would have no incentive, and in fact would be discouraged, from providing doctors on board their cruises if they are held liable for them under a theory of apparent agency. Under current maritime law, cruise lines are afforded some protection from the mistakes of their on board physicians. Although this protection can lead to unfair results, this Court lacks the authority to change established maritime law on this issue. Either Congress or the Eleventh Circuit could embark upon such a departure from the hundred-year old doctrine that was summarized in *Barbetta*.

**B. Count II: Negligence of the Cruise Line based on Negligent Hiring/Retention of Medical Staff**

Neither party objects to the Magistrate's recommendation that the Defendant's Motion for Summary Judgment should be granted on Count II.

### C. Count III: Negligent Misrepresentation

In Count III, Plaintiff alleges that the Defendant made two negligent misrepresentations on their website: (1) that the cruise ship could "accommodate all guests' medical needs"; and (2) that the cruise ship carried "two fully qualified doctors and three nurses." The Magistrate recommended granting summary judgment as to the first statement because it is mere "puffery" or "sales talk," and Plaintiff does not challenge that ruling. Thus, this Court affirms the Magistrate's ruling as to the first statement. Plaintiff's challenge is limited to the Magistrate's ruling on the second statement, and this Court respectfully disagrees with the Magistrate's recommendation and denies summary judgment to Defendant on Count III as to the second alleged misrepresentation.

Florida law governs this count because there is no cause of action for negligent misrepresentation under maritime law. The Court can apply state law when there is no statute or judicial principle in maritime law that can otherwise guide the court, and when applying the state law does not interrupt the uniformity of maritime law. *Bagget v. Richardson*, 473 F.2d 863, 864 (5th Cir. 1973). To succeed in a negligent misrepresentation claim under Florida law, the Plaintiff must establish five elements:

(1) the Defendant made a statement concerning a material fact defendant believed to be true but which was in fact false; (2) the Defendant was negligent in making the statement because

-5-

Defendant should have known the statement was false; (3) in making the statement, the Defendant intended or expected that another would rely on the statement; (4) the Claimant justifiably relied on the false statement; (5) the Claimant suffered loss, injury or damage as a result. *Standard Jury Instructions - Civil Cases* (No. 99-2), 777 So. 2d 378, 381 (Fla. 2000).

The Magistrate recommended granting summary judgment as to the second alleged misrepresentation based upon the merger clause in Plaintiff's ticket contract. The Magistrate held that the Plaintiff's reliance on the misrepresentation was unreasonable as a matter of law because the ticket contract contained a merger clause stating: "Except as otherwise expressly provided herein, this Agreement supersedes any other written or oral representations or agreements relating to the subject matter of this Agreement or the Cruise or the Cruisetour." (Ex. C, para. 1, "Introduction"). Thus, any representations on Celebrity's website about the number of medical staff on board were superceded by the ticket contract, and Plaintiff was not reasonable in relying upon them.

The Magistrate's recommendation also relied upon the terms of the cruise ticket contract. Under a traditional application of the parol evidence rule, "when a contractual agreement has been reduced to an integrated writing...evidence of antecedent understanding and negotiation will not be admitted for the purpose of varying or contradicting the writing." *Warren v. Ajax Navigation Corp. of Monrovia*, 1995 AMC 2609, 2611 (S.D. Fla. 1995). The Magistrate singled out language in the ticket contract stating that the availability of medical care on board "may be limited or delayed" as an express contradiction of the website's statement that there would be two physicians on board. (Ex. C., para. 4(a), "Availability of Medical Care"). However, such a general statement of limited

medical care is not a direct contradiction of how many doctors would be on board; a person could reasonably believe that two doctors on board a ship of 3,500 passengers constitutes limited medical care. A reasonable juror could find that a description of "limited" medical care does not contradict a representation that the Celebrity has two physicians on board.

Even if the website expressly contradicted the terms of the ticket, the website is still admissible as parol evidence under Florida law. Florida law provides an exception to the parol evidence rule for actions alleging negligent misrepresentation. "While final agreements may not be contradicted by parol or extrinsic evidence, an exception is made in actions alleging negligent misrepresentation or, otherwise, fraud in the inducement. In such cases, the parol evidence rule does not preclude admission of extrinsic evidence." *Baggett*, 620 So. 2d at 786. Therefore, Plaintiff can introduce parol evidence of statements made on Celebrity's website that support its claim for negligent misrepresentation.

Admitting the alleged misrepresentation made on Celebrity's website, the focus turns to the issue of reliance. The Magistrate found that the Plaintiff had failed to demonstrate a genuine dispute of fact as to whether the Plaintiff had relied upon the misrepresentation, as required by the fourth element of this claim. While the Plaintiff alleged that the cruise line's website represented in various places that the ship would have two physicians onboard, the Magistrate found the evidence to show that neither the Plaintiff nor his wife read the alleged misrepresentation before booking the cruise. Because it was Plaintiff's wife that arranged the cruise and acted as his proxy, her exposure to the alleged misrepresentation is important to this element. The Magistrate found that the deposition testimony of Plaintiff's wife did not indicate that she had read the website's statement that there would be two physicians onboard, but that she learned this only in conversation with the physician

once on board. However, in their opposition to the Magistrate's Report and Recommendation, Plaintiff filed deposition testimony by Mrs. Hill in which she stated that she had read the website's statement that Celebrity had two physicians on board. (Exhibit A, p. 178-79). Moreover, Mrs. Hill's testimony states that the description of the medical facilities was an important factor in her decision of which cruise line to book due to her husband's age. (Ex. A, p. 181). She testified that she would not have selected Celebrity for their trip if she had known that there would only have been one doctor on board. (Ex. A., p. 189). Thus, Plaintiff has demonstrated that genuine issues of material fact exist regarding how much reliance Plaintiff's wife put on the description of medical staff on Celebrity's website.

Defendant's further argue that Plaintiff fails to satisfy the first element required for a negligent misrepresentation because at the time that Plaintiff's cruise ticket was purchased, in mid-December 2008, Celebrity ships did have two doctors on board. The particular ship that Plaintiff rode on, in mid-January 2009, was either the first or second Celebrity cruise that sailed with only one physician on board. (Ex. M, p. 26). Therefore, Defendant's argue that the statement was true at the time it was made on their website and not a misrepresentation. However, Plaintiff's reading of the website's description of the on board medical staff would clearly have been to determine the number of physicians that would have been on his particular cruise in the future, not on past or current cruises. A reasonable jury could find that Celebrity should have known, and posted on their website, that future Celebrity cruises may not feature two on board physicians. While Celebrity's statements may have been true at the time that Plaintiff purchased the tickets, the statement was not true as to the particular cruise that the tickets were for and therefore may have constituted a misrepresentation. At the very least, there appear to be genuine issues about whether there was a negligent

misrepresentation regarding the number of physicians that would be on board the ship that Plaintiff rode.

### D. Count IV: Breach of Third Party Contract

Under Florida law, a cause of action for breach of a third party beneficiary contract requires a clear intent, either expressed by the parties or expressly provided for in the contract, that the contract primarily and directly benefit the third party. *Intercoastal Realty, Inc. v. Tracy*, 706 F. Supp. 2d 1325, 1329 (S.D. Fla. 2010). It is clear to this Court that Plaintiff does not qualify as an intended beneficiary of the employment contract between the cruise line and the doctor, but was merely an incidental beneficiary. The Plaintiff thus fails to satisfy one of the elements of this cause of action under Florida law.

### Conclusion

This court affirms and adopts the Magistrate's Report and Recommendation to grant summary judgment on Counts I, II, and IV, but respectfully disagrees with the Magistrate as to Count III.

Accordingly, it is

**ADJUDGED** that:

(1)     Defendant's motion for summary judgment is GRANTED on Counts I, II and IV.

(2)     Defendant's motion for summary judgment is DENIED on Count III.

(3)     Trial will proceed as scheduled on **November 14, 2011** but only on liability regarding Count III: alleged negligent misrepresentation that the cruise ship carried "two qualified

doctors and three nurses." The damages portion of the trial will be held at a later date.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of November, 2011.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge Stephen T. Brown
Counsel of Record